IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60209
Summary Calendar
_____


HILTON DEWITT HOLMES,

                                        Plaintiff-Appellant,


versus

GLENN WHITE, in his official capacity
as District Attorney of the Eighth Circuit
district, and individually, ET AL.,

                                        Defendants,

GLENN WHITE, in his official capacity
as District Attorney of the Eighth Circuit
District, and individually,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:95-CV-329-PS
- - - - - - - - - -
November 25, 1996
Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

     Hilton Dewitt Holmes, Mississippi prisoner #79891, appeals the

district court's judgment dismissing his civil rights action on the

grounds of prosecutorial immunity and claim preclusion.  Holmes

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

contends that Mississippi District Attorney Glenn White conspired to defraud him of his property in a state forfeiture proceeding, that the forfeiture was a violation of his right to protection from double jeopardy, and that White coerced him into pleading guilty to conspiracy to commit capital murder.

Holmes has abandoned any claims against Forrest County and USF&G by failing to brief them. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Holmes asserts for the first time a violation of his right to protection against double jeopardy. Holmes has not shown error, plain or otherwise relating to his double-jeopardy claim. Robertson v. Plano City of Tex., 70 F.3d 21, 23 (5th Cir. 1995); see United States v. Ursery, 116 S. Ct. 2135, 2149 (1996)(civil forfeitures are not criminal and do not constitute "punishment"; the Government may bring a parallel criminal action and an in rem civil forfeiture proceeding without violating double jeopardy).

We have reviewed the record and the briefs of the parties and find no error in the decision of the district court. Accordingly, we affirm for essentially the same reasons advanced by the district court. Holmes v. White, No. 2:95-CV-329-PS (S.D. Miss. Feb. 14, 1996).

AFFIRMED.